USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/17/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CATHARINE BOSTON,

                Plaintiff,

   -against-

J.C. PENNY CORPORATION, INC.,

                Defendant.

------------------------------------------------------------------X

**19-CV-984 (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

    WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus; and

    WHEREAS, the Centers for Disease Control have noted that the best way to prevent illness is to avoid exposure to the COVID-19 virus;

    NOW, THEREFORE, in order to protect public health, reduce unnecessary travel, and minimize the risk of exposure while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1;

    It is hereby ORDERED, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), that all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that ("[u]nless the parties stipulate otherwise") the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. In light of the current pandemic, the court reporter may attend the deposition and administer the oath

via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

It is further ORDERED, pursuant to Fed. R. Civ. P. 16(b)(4), that all unexpired deadlines for the completion of fact depositions, fact discovery, expert depositions, expert discovery, and/or all discovery are hereby EXTENDED for a period of 60 days, together with all post-discovery deadlines previously set by this Court.

Nothing in this Order prevents the parties from seeking to further modify the pretrial schedule in this action in light of the COVID-19 pandemic (or for any other good cause). Prior to seeking such relief, the parties must, as always, meet and confer (via remote means) in a good faith effort to reach agreement on how best to fulfil the goals of Rule 1 while avoiding unnecessary health risks.

    SO ORDERED.

DATED:    New York, New York
              March 17, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge